## HINCKLEY *v.* GILMAN, CLINTON, AND SPRINGFIELD RAILROAD COMPANY.

Where, in the progress of a suit for the foreclosure of a mortgage, a receiver was appointed, against whom, after the foreclosure and sale of the mortgaged premises, a decree was rendered directing him to pay into court $18,776.25, the balance found due from him on the settlement of his accounts, — *Held,* that he had the right to appeal from that decree.

MOTION to dismiss an appeal from the Circuit Court of the United States for the Southern District of Illinois.

In the progress of a suit for the foreclosure of a mortgage executed by the Gilman, Clinton, and Springfield Railroad Company, Francis E. Hinckley was appointed receiver. On the 8th of April, 1876, a final decree was rendered, under which, on the 10th of June, the mortgaged property was sold, and subsequently conveyed to the purchasers. Upon a settlement of the accounts of the receiver, a balance was found due from him of $18,776.25, for which a decree was entered Sept. 27, directing its payment into court on or before Oct. 10. On the 9th of October he prayed this appeal " from the decree against him," which was granted. The complainants now move to dismiss, for the reason that he was not a party to the suit.

*Mr. R. Biddle Roberts* in support of the motion.

The appellant is not a party to the suit, and cannot be. Being merely the officer or representative of the court, without any personal interest whatever in the litigation, the right to discharge him rests with the court, at any stage of the controversy; and from the exercise of this right he cannot appeal. High on Receivers, 536 ; *In re Colvin*, 3 Md. Ch. 300; *Ellicott* v. *Warford*, 4 Md. 80. Only those who are parties to the record can sue out a writ of error. Phillips's Practice, p. 64, and cases there cited. The same rule applies to appeals. Id. p. 65. On the eighth day of April, the final decree was entered, from which an appeal was not prayed, nor could it, in the following October, be taken, much more than sixty days having then elapsed. *Kitchen* v. *Randolph*, 93 U. S. 86. The decree of Sept. 27, requiring the payment of money into court, was merely interlocutory, transferring the possession of property in litigation. The rule of finality cannot apply to it. *Forgay* v. *Conrad*, 6 How. 201. This doctrine is sustained by *Thomson* v. *Dean*, 7 Wall. 342; *Railroad Company* v. *Bradley*, 7 id. 577 ; *Stowall* v. *Banks*, 10 id. 583 ; and it would seem to be the settled law in this court.

*Mr. H. Crawford* and *Mr. S. P. McConnell*, contra.

MR. CHIEF JUSTICE WAITE delivered the opinion of the court.

The motion to dismiss cannot be sustained.

In *Blossom* v. *Railroad Company*, 1 Wall. 655, a bidder at a foreclosure sale was allowed to appeal, and in delivering the opinion of the court Mr. Justice Miller said : —

"It is certainly true that he cannot appeal from the original decree of foreclosure, nor from any other order or decree of the court made prior to his bid. It, however, seems to be well settled, that, after a decree adjudicating certain rights between the parties to a suit, other persons having no previous interest in the litigation may become connected with the case in the course of the subsequent proceedings, in such a manner as to subject them to the jurisdiction of the court, and render them liable to its orders; and that they may in like manner acquire rights in regard to the subject-matter of the litigation, which the court is bound to protect."

This seems to us to be decisive of this motion. The receiver cannot and does not attempt to appeal from the decree of foreclosure, or from any order or decree of the court, except such as relates to the settlement of his accounts. To that extent he has been subjected to the jurisdiction of the court, and made liable to its orders and decrees. He has, therefore, the corresponding right to contend against all claims made against him. For this purpose he occupies the position of a party to the suit, although an officer of the court, and after the final decree below has the right to his appeal here. In this case, the final decree has been given, and the case is properly here upon the appeal as prayed and allowed. This will not keep any thing in litigation but the receiver's accounts. The title to the property and the possession under the sale cannot be in any manner affected. Every thing can be closed up in the court below, in accordance with the decree which has been entered in the cause, except the distribution of the money claimed from the receiver.

It will be time enough to consider whether more of the record has been brought here than is necessary to the hearing of the questions presented by the appeal when the cause is reached, or when application is made to us in that behalf.

*Motion to dismiss denied.*