## TURNER *v.* FARMERS' LOAN AND TRUST COMPANY.

A suit for the foreclosure of a mortgage commenced in a State court was removed to the Circuit Court, where a motion to remand it was made and overruled. A final decree in favor of the complainant was passed, whereunder the mortgaged property was sold. From the order confirming the sale an appeal was taken. *Held,* that the final decree, not disclosing a want of jurisdiction of the court below, as to subject-matter or parties, will be examined here only to ascertain whether the sale conformed to its provisions.

APPEAL from the Circuit Court of the United States for the Southern District of Illinois.

The facts are stated in the opinion of the court.

*Mr. George W. Kretzinger* and *Mr. Nathaniel A. Cowdrey* for the appellants.

*Mr. James D. Campbell* for the appellees.

MR. JUSTICE HARLAN delivered the opinion of the court.

This suit was commenced on the 21st of November, 1874, in the Circuit Court for De Witt County, Illinois, by Malcolm C. Turner, James Turner, and others, constituting the firm of Turner Brothers, against the Indianapolis, Bloomington, and Western Railway Company, the Farmers' Loan and Trust Company, and others. The complainants, suing in behalf of themselves and all other bondholders and creditors of the railway company, asked a decree for the foreclosure of several mortgages, covering as well its property and franchises as the road and franchises of the constituent companies, by whose consolidation it was created.

The Farmers' Loan and Trust Company appeared and answered. It also filed a cross-bill, making all necessary parties defendant thereto; and, as trustee in some of the mortgages creating prior liens upon the main line of the consolidated road, it prayed for a decree of foreclosure, a sale of the mortgaged property, and a proper distribution of the proceeds arising therefrom among the several classes of creditors of the railway company. Subsequently, on the 26th of April, 1876, it filed a petition, accompanied by a sufficient bond, for the removal of the suit into the Circuit Court of the United States for the

Southern District of Illinois; and thereafter, it is asserted, the State court proceeded no further. A transcript of the proceedings having been filed in the Circuit Court of the United States, a motion was there made to remand the cause, while the Farmers' Loan and Trust Company moved that the court take jurisdiction. By an order entered on the 19th of July, 1876, the former motion was denied and the latter sustained.

On the 18th of July, 1877, a final decree was passed, ascertaining the amounts due and unpaid on the mortgages to the Farmers' Loan and Trust Company. By that decree it was ordered and adjudged that the railway company, within twenty days thereafter, pay to the trustee $6,234,625, the amount so ascertained, with interest from the date of the decree; that in default of such payment the equity of all the defendants to th cross-bill, in the mortgaged property, be forever barred ana foreclosed, and the property — which included all the rights, effects, and franchises of the consolidated company, and of its constituent companies, as to the main line of road — be sold as an entirety, the same being, in the opinion and judgment of the court, incapable of sale separately, or in division, without material injury to its value.

It was further decreed that the mortgaged property be sold without appraisement, and without reference, and not subject, to any law of Illinois or Indiana conferring the right of redemption from mortgage sales.

On the 8th of May, 1878, the original decree was amended by way of further direction for its execution.

The sale occurred on the 30th of October, 1878, was reported to court on the succeeding day, and on the 1st of November, 1878, exceptions thereto were filed by James Turner and the railway company. On the 23d of December, 1878, the exceptions were overruled, and an order entered confirming and approving the sale in all respects.

On the 3d of February, 1879, Turner and the railway company filed their joint petition, praying an appeal from the final order confirming the sale. The appeal was allowed, and the bond tendered was approved, not to operate as a *supersedeas*. Subsequently, the purchaser received a deed and took possession of the property under the direction of the court.

It may be stated that a similar decree was entered in the Circuit Court of the United States for the District of Indiana, in a suit pending therein between, substantially, the same parties and relating to the same property. That suit was commenced on the 18th of November, 1874, in the Circuit Court for Montgomery County, Indiana, and thence, upon the petition of the Farmers' Loan and Trust Company, removed into the Federal court.

Notwithstanding the record is very voluminous, it is believed that this statement is sufficient to indicate the grounds upon which this court rests its determination of the case.

The appellants have assigned numerous errors, the first and most important of which relates to the jurisdiction of the Circuit Court of the United States. Their contention is, that under the act of March 3, 1875, c. 137, the State court could not have been deprived of jurisdiction to proceed, unless the petition for removal was filed " before or at the term at which such cause could be first tried and before the trial thereof;" that the petition of the Farmers' Loan and Trust Company was not so filed; consequently, it is insisted that the jurisdiction of the Federal court could not have attached. It is further argued that the pleadings disclose the fact that there was no such controversy in this suit, between citizens of different States, as would authorize its removal from the State court under the act just cited or that of March 2, 1867, c. 196, even if the latter is in force for any purpose.

Without admitting the soundness of these propositions, we are of opinion that the questions of jurisdiction now raised cannot be determined upon an appeal merely from the order confirming the report of sale. Whether the suit was one which the Farmers' Loan and Trust Company was entitled to have removed, that is, whether the Circuit Court of the United States could rightfully proceed after the petition for removal, accompanied by a sufficient bond, had been filed in the State court, was a question directly presented to that court for judicial determination upon the motion that the cause be remanded. The denial of that motion constituted an adjudication by the Federal court that the facts existed which were necessary to give jurisdiction. And had the question not been thus for-

mally presented, it was the duty of the Circuit Court to dismiss or remand the cause, as justice might have required, at any time during its progress, when it appeared that the suit did not really or substantially involve a dispute or controversy properly within its jurisdiction. *Williams* v. *Nottawa*, 104 U. S. 209. Further, the final decree necessarily involved, and was itself, a judicial determination, as between the parties, that the suit was one of which that court might take cognizance. That decree, unmodified and unchallenged by any direct appeal therefrom, should, upon this appeal only from the order confirming the sale, be deemed conclusive, between the parties and their privies, as to all matters in issue and by it adjudicated, including the questions of jurisdiction now pressed upon our attention. Such, we think, must be the rule, especially under existing statutes regulating the jurisdiction of the courts of the United States. Whether or not a cause, commenced in a State court, could have been tried at some term thereof prior to the filing of a petition for removal; whether the parties to a particular suit, without regard to their position as plaintiffs or defendants, can be so arranged on different sides of the controversy as to make a proper case for removal upon the ground of citizenship; whether there is in the suit a separable controversy between citizens of different States to which the judicial power of the United States extends, — are often questions difficult of solution. *Removal Cases*, 100 id. 457. We have held in numerous cases that upon the filing in the State court of a petition and bond for removal, the suit being removable under the statute, its jurisdiction ceases. And to the end that litigants may not, in such cases, be harassed by doubt as to which court has authority to proceed, the party against whom the removal is had is at liberty to move that the suit be remanded; and the act of 1875, for the first time in the legislation of Congress, declares that an order of the Circuit Court remanding a cause may, in advance of the final judgment or decree therein, be reviewed by this court on writ of error or appeal, as the case may require the one or the other mode to be pursued. Prior to that act the remedy, in that class of cases, was by *mandamus* to compel the Circuit Court to hear and determine the cause. *Babbitt* v. *Clark*, 103 id. 600;

*Insurance Company* v. *Comstock,* 16-Wall. 258; *Railroad Company* v. *Wiswall,* 23 id. 507. When the Circuit Court assumes jurisdiction of the cause, the party denying its authority to do so, may, after final decree and by a direct appeal therefrom, bring the case here for review upon the question of jurisdiction, the amount in dispute being sufficient for that purpose. *Railroad Company* v. *Koontz,* 104 U. S. 5. In the present case we have, seen that the appeal is only from the order confirming the sale. Appellants elected not to appeal from the final decree, although it necessarily involved every question affecting the jurisdiction of the Circuit Court. That decree is, consequently, not before us for any purpose, except to ascertain, from an inspection thereof, whether the sale was conducted in conformity with its provisions. In such cases, upon an appeal, not from the final decree, but only from an order in execution thereof, the court will not examine the record, prior to such decree, to see whether the petition for removal was filed in due time, or whether it makes a case of Federal jurisdiction, by reason of the presence in the suit of a controversy between citizens of different States, but will assume that the final decree, being passed by a court of general jurisdiction, and not showing upon its face a want of jurisdiction as to subject-matter or parties, was within the power of the court to render. Whether the order confirming the sale would have been erroneous, had the decree itself disclosed, affirmatively, a want of jurisdiction, is a question which need not be decided.

What we have said disposes of numerous other assignments of error, such as that the court erred in decreeing that the property of the railroad company be sold without appraisement and without reference, and not subject to the laws of Illinois and Indiana conferring the right of redemption from sales of mortgaged real estate; in ordering the railroad and other property to be sold without first ascertaining what claims existed which were prior in lien to the mortgages foreclosed; in amending the decree of September, 1877, after the expiration of the term at which it was entered; in ordering the cross-bill of the Farmers' Loan and Trust Company to be taken by default as against the complainants in the original bill, after it appeared that they had become bankrupts, and their property and rights

had passed to an assignee in bankruptcy, who was not made a party to the cause; in decreeing the personal property of the railroad company to be sold, and in subsequently delivering it to the purchasers, in disregard of the alleged rights of appellants under the chattel mortgage executed to Thomas on the sixteenth day of November, 1874; in refusing to entertain appellant Turner's petition to intervene, filed on the day of sale; and in directing a foreclosure and sale of the property for the principal and interest of the debt secured by the mortgage, when, as is claimed, it did not appear that the principal had become due.

We do not stop to consider whether these objections find any support in the record, since it is sufficient to say that, if any such errors exist, they necessarily inhere, some in the final decree of foreclosure and sale, and others in the orders which preceded it. They cannot be examined upon an appeal merely from the order confirming the report of sale. Our authority extends, as we have shown, no farther than to an examination of the exceptions filed by appellants to the report of sale, from the order confirming which this appeal is taken. And some of these exceptions plainly have reference, not to the sale itself, but to the final decree of foreclosure; such, for instance, as that the terms of sale were too onerous; that the property was sold subject to various claims, the amount of which was wholly uncertain; and that the court had no jurisdiction in the case. The only exceptions which properly relate to the sale are that the price at which the property was struck off and sold — $1,000,000 — was inadequate and insufficient; and that the property was not advertised for a sufficient length of time. It is enough to say that the record discloses no ground upon which these exceptions could have been sustained. One exception was to the effect that the purchasers at the sale constituted a committee, acting as agents of bondholders of the railway company, and that the report of sale did not disclose the names of the principals for whose use the property was purchased, or the amount to which each of said parties was beneficially interested. We are unable to perceive anything of substance in this exception. Since the sale was, in all material respects, in conformity with the final decree, from which no

appeal was prayed, and since the record discloses no ground upon which its fairness can be impeached, the court below properly overruled the exceptions and confirmed the sale. The order appealed from must, consequently, be

*Affirmed.*