## LEWISBURG BANK *v.* SHEFFEY.

APPEAL FROM THE DISTRICT COURT OF THE UNITED STATES FOR THE DISTRICT OF WEST VIRGINIA.

No. 338. Argued April 23, 1891.—Decided May 11, 1891.

An application for rehearing, made after the adjournment of the term at which the final decree was entered, is made too late.

A decree which determines the whole controversy between the parties, leaving nothing to be done except to carry it into execution, is a final decree for the purpose of appeal; and none the less so that the court retains the fund in controversy, for the purpose of distributing it as decreed.

ON the 11th of October, 1875, Robert J. Glendy executed a deed of trust to Alexander F. Mathews on a tract of land in Greenbrier County, West Virginia, to secure his two certain promissory notes for $10,000 and $5000, respectively, held by the Bank of Lewisburg, and also "any and all other debts which the said Glendy may at any time hereafter owe to said bank, either by the renewal of the said negotiable notes or by original loans made to him by the said Bank of Lewisburg, with this express provision and stipulation, however, that the said indebtedness shall not at any one time exceed the sum of fifteen thousand dollars ($15,000)."

On the 20th of November, 1876, Glendy executed another trust deed to Hugh W. Sheffey and James Bumgardner, Jr., of the county of Augusta, State of Virginia, covering the same lands, and also several tracts or parcels of land situated

in the counties of Augusta, Bath and Highland, in the State of Virginia, and certain specified articles of personal property, in trust and with the hope of paying all of said Glendy's just debts; and providing for the sale by the trustees of the real and personal property in the manner and on the terms named; the care of the proceeds; the keeping of an account of the collections and disbursements, to be at all times open to the inspection of any of the creditors; the convening of the creditors by publication before a master commissioner, to state and determine in each case how much is justly due; the payment of dividends to the creditors from time to time; and upon the further trust "that, after discharging the amounts due from said Robert J. Glendy on judgments against him and on vendor's and other paramount liens now binding said lands hereby conveyed, the trust fund shall be distributed ratably among the creditors of said Robert J. Glendy who may come forward and prove their debts before said master commissioner within ninety days after publication of notice requiring them so to do, etc."

This deed was recorded in the clerk's office of the county court of Greenbrier County on the 21st of November, 1876, at twenty minutes before eleven o'clock, A.M. Five hours later on the same day, the deed to Mathews was filed for record. Mathews having advertised the real estate for sale on May 9, 1877, Sheffey and Bumgardner filed their bill of complaint on the 3d of May, in the District Court of the United States for the District of West Virginia, against Mathews and the bank, setting up the deed to them; the subsequent record of the deed to Mathews, of the existence or contents of which they denied any knowledge prior to its being spread upon the record; alleging the priority of their lien; that the deed to Mathews was not properly acknowledged; and that the notice of sale was invalid; and praying for an injunction and for general relief.

A preliminary injunction was thereupon granted, as prayed. The bank demurred on the ground, among others, of want of parties, and also answered alleging that at the time the deed to plaintiffs was executed they had actual notice of the exist-

ence of the conveyance to Mathews, and certainly before their own deed was recorded; that by the terms of the deed to plaintiffs the debt due the bank had priority; that the bank's deed was recorded before the beneficiaries under plaintiffs' deed had accepted its provisions or had notice of its existence; that the certificate to plaintiffs' deed was insufficient; and that the deed was void as to the bank, upon its face, etc.

Evidence was subsequently taken in the case.

On the 10th of November, 1877, by consent of the parties, it was ordered that the land be sold by the trustees in both deeds and the proceedings reported to the court, and the cause was referred to Gallaher, one of the masters of the court, to ascertain and report the creditors of Glendy secured by the deed of trust to plaintiffs, the master to take any report made by any court sitting in Augusta County, Virginia, as to Glendy's creditors, as *prima facie* true.

On the 26th of March, 1878, the bank recovered a judgment by confession against Glendy for the sum of $15,900.75, with interest from February 13, 1878, and costs.

On the 4th of May, 1878, the cause came on for hearing, and the bank tendered an amended and supplemental answer setting forth that Glendy executed the trust deed to the plaintiffs before any of the lands had been conveyed to him, having only an equitable title; the acquisition of the legal title on the 7th of March, 1878; and the rendition of the judgment of the 26th of March; that the trust deed to Mathews was after due proof admitted to record in the clerk's office of the county court of Greenbrier County on the same 27th of March; that the deed to plaintiffs was a mere assignment of an equity without any warranty whatever; that plaintiffs took subject to the prior conveyance, and their deed did not operate as notice to the prior grantee by being recorded before the deed to the latter was; and that in law and equity the lien created by the deed to plaintiffs, if any, must be postponed and held subject to the liens of the trust deed and the judgment of the bank; and thereupon the court entered the following decree:

"This cause came on again to be heard upon the papers formally read and upon motion of the defendants to file the

amended and supplemental answer of the Bank of Lewisburg and the objection of the plaintiffs to the filing of said amended answer, the plaintiffs waiving formal and technical notice of same, and was argued by counsel. On consideration whereof, the court being of opinion that the facts stated in said amended and supplemental answer cannot properly be set up by way of amended answer, and that they are, if properly pleaded, wholly immaterial to the issues involved in the cause, and, if true, can have no bearing upon the rights of the parties as asserted in the cause, it is therefore adjudged, ordered and decreed, that leave to file said supplemental and amended answer be denied to said defendants, and that said answer be rejected.

"It is further adjudged, ordered and decreed that the injunction awarded by former order entered in this cause be perpetuated, and that the fund arising from the sale of the M'Clung farm, situate in the county of Greenbrier, be brought into this court, to be by it distributed in accordance with the provisions of the deed of Robert J. Glendy to Hugh W. Sheffey and James Bumgardner, Jr., bearing date on the 20th day of November, 1876.

"It is further ordered that the commissioners heretofore appointed by the order of this court proceed to sell said M'Clung farm, as directed in said decree, and if when said land is offered for sale no bid is made for same adequate in the opinion of said commissioners, that said commissioners shall by private contract or public auction rent said land for the term of one year or less, upon such terms as said commissioners shall deem expedient."

On the 7th of May the report of the sale was made.

On the 2d of August, 1878, which was after the adjournment of the May term, the record states that the bank appeared in court by counsel and tendered its petition for a rehearing "of the order made in this cause at the last term, except so far as it directs a sale of the trust property, for errors in law apparent on its face," to the filing of which petition plaintiffs objected, and the court "without passing upon the matters, ordered the same to be set for hearing at the next term of

this court, to which time this cause is continued." This petition averred that the court had rested its action upon the ground that the legal title when subsequently acquired by Glendy enured to plaintiffs; alleged that that view had not been asserted or argued, and that it was not well founded; and prayed " that its motion to file said amended and supplemental answer may be heard, etc." On the 12th of November, 1878, the report of the trustees and commissioners of the 7th of May, as amended and modified as suggested by them, was confirmed; and it was further ordered " that the consideration of the petition of the defendants for a rehearing of the decree in said cause at the last term of this court be postponed until the next term of this court." In 1885 further evidence was taken against the objection of the plaintiffs, and on the 13th of November, 1885, the following decree was entered:

" This cause came on to be further heard at this term and was argued by counsel, and the court being of opinion that the decree rendered May 4th, 1878, having been rendered before the master commissioner had executed the order of reference made at the November term, 1877, was premature, it is therefore adjudged, ordered and decreed that the said decree of the May term, 1878, be, and it is hereby set aside and held for naught; and it is further adjudged, ordered and decreed that the exceptions taken by the Bank of Lewisburg to the report of Commissioner Gallaher, dated September 20th, 1883, and filed October 1st, 1883, because the said commissioner failed to mention and report in any way the debts asserted and claimed in this cause by the said bank be sustained, and that the said report be recommitted to the master without the court at this time passing further upon said exceptions, with instructions to inquire into, ascertain and report the following matters and accounts;" etc., etc.

The master made a report November 4, 1886, to which the bank filed exceptions, because he had not reported the indebtedness due the bank as a preferred debt under the trust deed to Sheffey and Bumgardner, and had reported that the bank was only entitled to share *pari passu* with the other creditors: and because he had not reported that the bank was entitled to

preference by reason of being secured by the deed of trust of October 11, 1875, and had reported that Sheffey, trustee in the deed of November 20, 1876, did not have notice, prior to the execution and record of the latter deed, of the execution by Glendy of the former deed. On the 30th of November, 1887, a decree was entered rejecting the petition for rehearing tendered August 2, 1878, and not allowing it to be filed; overruling the exceptions to the report of November 4, 1886; directing the register of the court to pay over to the plaintiffs for distribution, the money which had been deposited with the bank to the credit of the suit, with its accrued interest; and ordering the distribution of the fund in such manner as to secure a *pro rata* payment upon the claims proved, including such payments to the bank as would make its dividends equal to those received by the other creditors. From this decree the bank prayed an appeal to this court. The opinion of Judge Jackson will be found reported in 33 Fed. Rep. 315. He held that the decree of May 4, 1878, was final and its subsequent vacation unauthorized, and also that plaintiffs were *bona fide* purchasers without notice.

*Mr. A. C. Snyder* for appellant.

*Mr. James Bumgardner, Jr.,* and *Mr. A. B. Browne* for appellees. *Mr. A. T. Britton* was with them on the brief.

Mr. Chief Justice Fuller delivered the opinion of the court.

Describing the decree of May 4, 1878, as "interlocutory," and that of November 30, 1887, as "final," appellant assigns errors as follows: That the decree of May 4 is erroneous, because it in effect overruled the demurrer to the bill; and denied appellant's motion to file its amended and supplemental answer; and that the decree of November 30, 1887, is erroneous, because (1) it rejected the petition for a rehearing; (2) held the deed of November 20, 1876, valid; (3) overruled appellant's exceptions to the master's report; (4) held that the deed to plaintiffs had priority over that of October 11, 1875;

(5) held that the debt of appellant was not entitled to priority under the provisions of the deed to plaintiffs; and because (6) it should have held that the appellant was entitled to the fund in controversy, if for no other reason, upon the ground of its judgment obtained after Glendy had acquired the legal title to the land. If the decree of May 4, 1878, were final, no errors can now be assigned to it or considered upon this appeal. And if that decree, being final, covered all the grounds of error urged to the decree of November 30, 1887, then the latter decree must necessarily be affirmed. The application for a rehearing was confessedly made after the adjournment of the May term, at which the prior decree was entered, and too late if that decree were final. Equity Rule 88; *McMicken* v. *Perin*, 18 How. 507, 511; *Roemer* v. *Simon*, 91 U. S. 149; *Central Trust Co.* v. *Grant Locomotive Works*, 135 U. S. 207, 224.

The controversy raised by the pleadings and to be determined by the court was whether the property passed under the deed to plaintiffs, or under that to Mathews and whether the bank was entitled to priority. The effect of the sale by consent was merely to substitute the fund in place of the real estate and did not change the issues. On behalf of the bank it was claimed that the trust deed to the plaintiffs was void on its face, and that by the terms of that deed, if valid, the debt of the bank was preferred. By the amended and supplemental answer, which it sought to file, the bank raised the question that Glendy, not having the legal title when he executed the deed to the plaintiffs, and having by his prior deed to the bank divested himself of his equitable title, the plaintiffs did not, as Glendy's grantees, under a conveyance "without any warranty whatever," occupy the position of *bona fide* purchasers, nor were they protected by the recording statutes of the State; and the facts set forth therein involved, moreover, the position urged in the petition for rehearing, that the deed to the plaintiffs being simply a grant without covenants, Glendy's after-acquired legal title did not enure to them and that the bank became entitled to the fund by virtue of its judgment, which was recovered after Glendy acquired the legal title.

So that all these matters were necessarily passed upon by the court and the decree in terms declared that the facts stated in the amended and supplemental answer did not change the rights of the parties in the cause, made the injunction perpetual and directed the fund to be brought into court for distribution "in accordance with the provisions of the deed of Robert J. Glendy to Hugh W. Sheffey and James Bumgardner, Jr., bearing date on the 20th day of November, 1876." This finally determined the entire controversy litigated between the parties and nothing remained but to carry the decree into execution. The bringing of the fund into court was for the final distribution as decreed, and not to be held pending the ascertainment of the principles upon which it should be distributed. *Hill* v. *Chicago & Evanston Railroad Co., ante,* 52, and cases cited.

The subject was much considered and many cases referred to and classified and the distinctions indicated, in *Keystone Iron Co.* v. *Martin,* 132 U. S. 91. It is there shown that where the entire subject matter of a suit is disposed of by a decree, the mere fact that accounts remain to be adjusted and the bill is retained for that purpose, does not deprive the adjudication of its character as a final and appealable decree.

It is true, as pointed out by Mr. Justice Field in *Hill* v. *Chicago & Evanston Railway, supra,* that an appeal may be taken from a decree in an equity cause, notwithstanding it is merely in execution of a prior decree in the same suit, for the purpose of correcting errors which may have originated in the subsequent proceeding. This was so held in *Chicago & Vincennes Railroad* v. *Fosdick,* 106 U. S. 47, 83, and was the rule sanctioned and adopted in *Forgay* v. *Conrad,* 6 How. 201, and *Blossom* v. *Milwaukee &c. Railroad Co.,* 1 Wall. 655. An appeal will lie from such decrees according to the nature of the subject matter and the rights of the parties affected.

But the errors assigned here relate solely to matters included within the adjudication of May 4, 1878, except as the refusal to permit the petition for rehearing to be filed may be otherwise regarded, though that petition was itself predicated upon one of the aspects of the controversy. And as to that allega-

tion of error, we have already seen that the objection is not
well taken, even if open to consideration at all. *Brockett* v.
*Brockett*, 2 How. 238.

*Decree affirmed.*