# SCHWARTZ *v.* COSTELLO.

### EQUITY PRACTICE; FINAL ORDERS.

An order in an equity cause finally determining a collateral matter growing out of and incident to the execution of the original decree in the cause, can not be set aside, vacated or modified by the court on motion or petition filed after the expiration of the term at which the order is made, but is conclusive until reversed on appeal or set aside on a bill of review.

No. 714.  Submitted October 21, 1897.  Decided December 8, 1897.

HEARING on an appeal by the respondents to an intervening petition in an equity cause, from an order vacating a previous order.  *Reversed.*

The facts are sufficiently stated in the opinion.

*Mr. Thomas M. Fields* for the appellants.

*Mr. Henry E. Davis* and *Mr. Chas. Cowles Tucker* for the appellees.

Mr. Chief Justice ALVEY delivered the opinion of the Court:

This appeal is taken from an order of the 3d day of June, 1897, revoking and setting aside a previous order of the 26th day of April, 1897, and after the term of court had closed at which the last-mentioned order was entered; and the question is, whether the order of the 26th of April, 1897, was, in its nature and effect, so far final as to be the subject of an appeal, and therefore beyond the power and control of the court to vacate and set aside the same, upon petition filed after the lapse of the term at which it was passed.

A decree was passed in the principal cause, directing certain personal property to be sold, and trustees were appointed to make the sale.  The property was offered but

withdrawn, and John F. Costello afterwards filed a petition
in the cause alleging that he was the highest bidder for the
property, and praying that he might be allowed to take the
property at his bid, offering to comply with terms of sale.
In this application he failed.    Afterwards he negotiated
with the complainants in the cause, the appellants in this
appeal, through their solicitor, for the purchase of their in-
terest in the property for $1,000 ; and that the decree and a
judgment at law should be entered to his use.    Papers were
regularly drawn as evidence of the transaction, and were
filed among the proceedings in court; and John F. Costello
paid to the solicitor of the appellants, on the contract, the
sum of $635 ; and promised to pay the balance without
delay.    He did not, however, pay the balance; and the
appellants, on the 15th of April, 1897, filed a petition in the
cause, setting forth the facts, and making John F. Costello
a party, and praying for a rescission of the contract of sale,
and of all the papers executed and filed in relation thereto,
and the petitioners therein proffered a return of the money
received on the contract.    On this petition a *nisi* order was
passed, requiring cause to be shown why the prayers of the
petition should not be granted, and due notice of such order
was personally served on John F. Costello and his solicitor.
But no answer was made, and no notice whatever was
taken of the petition of the appellants; and on the 26th of
April, 1897, the order was passed rescinding and declaring
null the agreement of sale of the 13th of March, 1897, and
all papers and orders in relation thereto, as if never made.
By this order, after declaring that the prayers of the petition
were granted, the court proceeded to declare, that "the
paper-writings or orders filed herein and in law cause No.
37,145, on March 13, 1897, are hereby vacated and re-
scinded and stricken from the records and files of this and
said law cause, and for naught held ; and it is further or-
dered that the complainants be, and they are hereby,
granted leave to proceed in this and said law cause as if

such paper-writings or orders had not been executed and filed, as aforesaid, upon their depositing in the registry of this court the net balance of the sum of $635.00, which they have received, as set forth in their petition, after first deducting therefrom an amount sufficient to fully satisfy and pay their said judgment against the respondent, Jeremiah Costello, in said law cause No. 37,727, together with all interest and costs, and a further amount sufficient to fully satisfy and pay all of the costs of and expenses incurred in this cause, and duly applying said amounts, as aforesaid, and crediting the same of record in this and said law cause," &c.

The April term of the court expired on the 3d of May, 1897; and on May 24, 1897, John F. Costello filed a petition, alleging wrong and surprise to him, praying that the order of the 26th of April, 1897, might be vacated and set aside, and that he be let in to controvert and defend against the allegations contained in the petition of the appellants, upon which the order of the 26th of April, 1897, was founded. On this petition of John F. Costello, a *nisi* order was passed, requiring the appellants to show cause, and they, in response, filed an elaborate answer, assigning many reasons and causes why the prayers of the petition should not be granted. But the court without evidence taken, but acting upon the state of the case as then disclosed by the record, by its order of the 3d of June, 1897, granted the prayers of the petition, and vacated, annulled and set aside the previous order of the 26th of April, 1897; provided that the petitioner, John F. Costello, should at once pay into the registry of the court the sum of $365, the balance of the $1,000 that was agreed to be paid under the contract of purchase, together with all costs incurred subsequent to the order vacated.

The question is, as we have stated, whether the court had power thus to vacate and set aside its order, after the lapse of the term at which it was made; and this depends upon the nature and character of the order vacated—whether it

had the elements of finality in it, and whether it was an appealable order.

It is very clear, from the terms of the order of the 26th of April, that it was not an interlocutory order, or an order in the nature of an interlocutory order, but had in it the unmistakable elements of a final order or decree, as to the particular subject-matter upon which it was intended to operate. By the order, the sale to John F. Costello, and all the written evidence connected therewith, were set aside and vacated, and thereupon all the rights of John F. Costello as purchaser were annulled and destroyed. Nor was that all that was definitively determined by that order of the 26th of April. The right to appropriate, of the $635 paid on the purchase, an amount sufficient to pay off and satisfy the judgment against Jeremiah Costello, upon the allegation that the money paid on the purchase was in fact the money of the judgment debtor, and not that of John F. Costello, was also adjudged.

We do not understand it to be questioned or denied that. an order in the nature of a final decree can not be set aside, vacated or modified by the court, on motion, or petition filed after the expiration of the term at which the order or decree was made, and that the only proper mode of proceedings to have such order or decree reversed or set aside, by the court that passed it, after the lapse of the term, is by bill of review, or bill charging fraud in obtaining the order or decree. As said by the Supreme Court of the United States, in *Bronson* v. *Schulten,* 104 U. S. 415, " It is a general rule of the law that all the judgments, decrees or other orders of the courts, however conclusive in their character, are under the control of the court which pronounces them during the term at which they are rendered or entered of record and they may then be set aside, vacated, modified or annulled by that court. But it is a rule equally well established that after the term has ended, all final judgments and decrees of the court pass beyond its control, unless steps be taken during that term, by motion or otherwise, to set

aside, modify or correct them ; and if errors exist, they can only be corrected by such proceeding by a writ of error or appeal as may be allowed in a court which, by law, can review the decision. So strongly has this principle been upheld by this court that, while realizing that there is no court which can review its decisions, it has invariably refused all applications for rehearing made after the adjournment of the court for the term at which the judgment was rendered. And this is placed upon the ground that the case has passed beyond the control of the court."

The same principle has been asserted in many cases in that court, both as to judgments at law and decrees and decretal orders in equity. *Phillips* v. *Negley,* 117 U. S. 655; *Cameron* v. *McRoberts,* 3 Wheat. 591; *McMiekin* v. *Perin,* 18 How. 507, 511.

It is true, the order of the 26th of April, which was vacated and annulled, on petition filed after the term had expired, was not an original or principal decree passed in the case. But the order vacated was the determination of a collateral matter growing out of and incident to the execution of the original decree, and was certainly a final determination of the particular matter arising upon the petition of the appellants and presented for the decision of the court. The order being in the nature of a final decree as to the particular subject-matter, it was conclusive upon the parties until reversed, and it was appealable, and an appeal was the remedy open to John F. Costello, instead of the application to vacate and rescind the order upon petition. That an appeal will lie in such case is fully settled by a series of cases in the Supreme Court, the most prominent of which are *Blossom* v. *Milwaukee R. Co.,* 1 Wall. 655; *Minnesota Co.* v. *Soutter,* 2 Wall. 634; *Hinckley* v. *Gilman R. Co.,* 94 U. S. 467; *Sage* v. *Central R. Co.,* 96 U. S. 712; *Williams* v. *Morgan,* 111 U. S. 684; *Central Trust Co.* v. *Grant Locomotive Works,* 135 U. S. 207. In these cases it was held that orders passed upon intervening applications, after final decree on

the original bill, and collateral to and distinct from the general subject of litigation, determining a question of right, were final in their nature, and therefore afforded the right of appeal; and that such orders could not be revoked or vacated by the court below after the close of the term at which they were passed.

It follows that the order appealed from, of the 3d of June, 1897, must be reversed; and it is so ordered.

*Order reversed and cause remanded.*