FIRST NAT. BANK OF PLATTSMOUTH, NEB., v. WOODRUM et al.

(Circuit Court, S. D. Iowa, W. D. March 31, 1898.)

No. 325.

**1. PETITION FOR REHEARING—EQUITY RULE—DURATION OF TERM OF COURT.**

Where the practice obtains of keeping the term open for business until the statutory time for opening the next term, a petition for rehearing filed before the term at which the decree was rendered has been adjourned sine die is not too late, under Equity Rule 88, which provides that "no rehearing shall be granted after the term at which the final decree of the court shall have been entered," etc.

**2. QUIETING TITLE—ALLEGATIONS AND PRAYER OF BILL—RELIEF.**

In an action to set aside conveyances made by W. to her co-defendants, and to quiet plaintiff's title, the bill, inter alia, alleged that, in consideration of plaintiff giving W. the entire use of the real estate in controversy during her life, she had executed a conveyance to plaintiff. In the deeds attacked, copies of which were filed with the bill, she had reserved her life estate. The prayer was that W. be decreed to have only a life estate, and that plaintiff's title be quieted and confirmed, and for general relief. *Held*, that the decree in favor of plaintiff quieting his title should preserve to W. her life estate.

Samuel M. Chapman and Finley Burke, for plaintiff.
John Y. Stone and Emmet Tinley, for defendant Neaty Woodrum.

WOOLSON, District Judge. The bill originally filed in this action contained, as its prayer—First, for process of subpoena; second, the setting aside and declaring null and void two certain conveyances fully set out in bill, from defendant Neaty Woodrum to her co-defendants, Allen S. Woodrum and Eunice A. Woodrum; and, third, "that Neaty Woodrum may be decreed to have and possess only a dower or life estate in said real estate in controversy, * * * and that your orator's title to said real estate may be fully quieted and confirmed in your orator, and that your orator may have such other and further relief in the premises as the nature and circumstances of the case may require, and shall seem meet to this honorable court." Under pleadings subsequently filed, the claim was presented by the defendants that, by transactions between said Neaty Woodrum and the plaintiff bank, the former had become the owner in fee simple of the real estate in controversy, and was authorized to convey such title in her said two conveyances, which were attacked by the bill. In her answer, Mrs. Neaty Woodrum prayed that the court recognize and protect her life estate, which in her two said conveyances she had reserved. Upon July 19, 1897, a decision was handed down, in substance finding that the said two conveyances from Neaty Woodrum should be set aside, and that said transactions between her and plaintiff bank did not vest in her fee-simple title to said real estate. In the decree herein, of October 11, 1897, based on said decision, said two conveyances were set aside. But the decree went further, and gave to the plaintiff bank full title in fee simple to said real estate, apparently upon the theory that, by her said alienation and abandonment of said real estate, her life estate had been waived and terminated. The present petition for rehearing was filed on behalf of Neaty Woodrum only. It relates only to that portion of the decree which awards

the plaintiff bank full title, and terminates her life estate in said real estate. Counsel for both parties have been heard with regard to this petition, and have assented and agreed in open court that the pending matter may now be fully determined, and that if the court find, under the rules governing the case, and the pleadings and evidence submitted on the original hearing, that Mrs. Woodrum should have had her life estate preserved to her, the decree heretofore filed herein shall be modified accordingly, and without further hearing.

1. Plaintiff insists that the petition for rehearing is not filed in time, and cannot now be heard. Such petition was filed March 3, 1898. By equity rule 88 it is provided that "no rehearing shall be granted after the term at which the final decree of the court shall have been entered and recorded, if an appeal lies to the supreme court." This rule has been repeatedly enforced by the supreme court. Roemer v. Simon, 91 U. S. 149; Bank v. Sheffey, 140 U. S. 445, 11 Sup. Ct. 755. In his admirable compilation upon equity practice in the United States courts, Judge Shiras states (page 87, 2d Ed.): "As an appeal in all cases, either to the supreme court or a circuit court of appeals, is now provided for, it would seem to follow that in all cases the application for a rehearing must be made during the term at which the final decree is entered." For many years, beginning prior to the incumbency of the present district judge, the practice has obtained in this district of keeping the term open for business until the statutory time has arrived for opening the next term. This practice has been found of great convenience in expediting the business of the district. An examination of the records of this court discloses the fact that, when the present petition for rehearing was filed, the term at which the decree was "entered and recorded" had not yet adjourned sine die. No injustice, therefore, is done to the rule nor to the parties by holding that the petition for rehearing was filed in time.

2. A careful examination of the bill in suit shows that plaintiff has not alleged that it was the owner of, nor entitled to be decreed to possess, the full title to said real estate. Referring to the transactions between the plaintiff bank and Neaty Woodrum, the bill avers that "it was then well understood and agreed between your orator and said widow that her interest in said [real estate in controversy] was a life interest only; and that it was in consideration of your orator agreeing to give the said widow the entire use of said [real estate in controversy] during her lifetime that she executed and delivered to your orator the conveyance as hereinbefore set forth and alleged." So that, if the allegations of the bill are to determine the present question, the life estate of Mrs. Woodrum should be preserved. While the prayer of the bill asks "that your orator's title to said real estate may be fully quieted and confirmed in your orator," yet the title thus to be quieted can only be the title averred in the bill to be in plaintiff. Thus tested, the same result will follow. That the general prayer for relief cannot broaden the relief as disclosed by the pleadings is too well settled to need citation of authorities. Judge Shiras well states this matter (Shiras, Eq. Prac. [2d Ed.] p. 34): "Under the latter [prayer for general relief] there can be properly granted only relief conformable to the case made in the bill, and therefore care should

be taken to include within the special prayer all the relief to which the complainant may be entitled under the facts of the case." Whether tested, therefore, by the averments or the prayer contained in the bill, plaintiff is not entitled to a decree terminating the life estate of said widow.

Argument was had on the present hearing to the effect that Mrs. Woodrum was not entitled to the preservation of her life estate, because she had fraudulently attempted alienation of the fee-simple title to the real estate, and had abandoned the possession of the property. While some statements of the bill point in the direction just named, there appears no clear or distinct averment of such facts, nor is relief specifically prayed for thereon. The conveyances attacked by the bill are made part of the pleadings, and these show that in each of such conveyances Mrs. Woodrum specifically reserves her life estate. Her alleged abandonment is denied in the pleadings, and the evidence sustains this denial. So that, if the alleged alienation or abandonment could terminate such life estate,—which is not necessary to be now considered,—the evidence introduced would not sustain this claim. I am of opinion, therefore, that, under the above-stated assent and agreement when the petition for rehearing was submitted, there should be such modification of the decree heretofore entered herein as shall preserve to Mrs. Neaty Woodrum her life estate in said real estate. Counsel for Mrs. Woodrum will draft such modification, and submit same to counsel for plaintiff. In all other respects the original decree will stand as entered.