## PEOPLE OF PUERTO RICO v. BANK OF NOVA SCOTIA.

### No. 3607.

Circuit Court of Appeals, First Circuit.

Dec. 18, 1940.

William Cattron Rigby, of Washington, D. C. (George A. Malcolm, of San Juan, P. R., and Nathan R. Margold, of Washington, D. C., on the brief), for appellant.

Walter L. Newsom, Jr., of San Juan, P. R. (Henri Brown, of San Juan, P. R., on the brief), for appellee.

Before MAGRUDER and MAHONEY, Circuit Judges, and PETERS, District Judge.

PER CURIAM.

This is an appeal from an order of the United States District Court for Puerto Rico approving the final report and accounting of a receiver, discharging the receiver and cancelling his bond.

The receiver had been appointed on October 20, 1936, to take over custody of,

and to operate, the properties of Benitez Sugar Company and of the Comunidad Jose J. Benitez e Hijos. See Benitez v. Bank of Nova Scotia, 1 Cir., 110 F.2d 169, for the background of this somewhat complicated receivership. Pursuant to leave granted, the People of Puerto Rico, appellant herein, intervened and filed a "Proof of Secured and Priority Tax Claim". Subsequently the receivership was extended to cover two independent bills in the nature of ancillary suits, filed by the Bank of Nova Scotia, appellee herein, seeking foreclosure of mortgages on various properties of Benitez Sugar Company and of the Comunidad.

A decree in the consolidated cause was entered September 18, 1939. This decree adjudicated the specific amounts of the mortgage debts due the Bank, the amount of its mortgage lien on each piece of property, and the amount of taxes due appellant on the various parcels of land involved. The decree also determined that taxes in the amount of approximately $5,000 constituted a lien on the mortgaged property in preference to that of the mortgagee; but determined, further, that in respect to the greater part of appellant's claim for taxes, amounting to over $100,000, its lien was subordinate to that of the Bank. Payment of the mortgage debts by a date certain was ordered, in default of which it was decreed that the properties should be sold on foreclosure, free and clear of all liens, by a special master named in the decree. Provision was made for the distribution of the proceeds of this foreclosure sale. It was provided that if the Bank should be the successful bidder in this sale it could apply the mortgage debts to the payment of the purchase price; but if the amount of any accepted bid of the Bank be equal to or less than the amount of the mortgage debt on the property to which such bid referred, the Bank was required to pay in cash that part of the bid required to cover the expenses of the sale, the real estate taxes constituting a lien prior to that of the Bank, any unpaid indebtedness properly incurred by the receiver in operating the properties, and the compensation of the receiver. Paragraph O of the decree provided: "All questions, issues, matters and things not hereby disposed of are hereby reserved by the court for its further adjudication, and any party to this cause may at any time apply to the court for further relief at the foot of this decree in respect of any matters not herein specifically provided for. For the purpose of making any further order or decree in relation to any matter arising in connection with this decree, or any sale thereunder, the present term of this court is continued."

No appeal from this decree was taken by the People of Puerto Rico. Beyond question the decree was final and appealable in respect to the tax priorities asserted by the insular government. Central Trust Co. v. Grant Locomotive Works, 135 U.S. 207, 10 S.Ct. 736, 34 L.Ed. 97; Hoffman v. Knox, 4 Cir., 50 F. 484.

On December 26, 1939, which was during the next term of the District Court, the People of Puerto Rico filed a motion for reconsideration of the decree of September 18, 1939, so far as it denied the insular government the greater part of its asserted priority in respect to unpaid real estate taxes. This motion was based upon the contention that the decree in this particular was in conflict with the law as laid down in People of Puerto Rico v. Federal Land Bank, 1 Cir., 108 F.2d 275, decided by this court December 15, 1939. The District Court denied the motion for reconsideration, in an order dated January 31, 1940, on the following ground:

"Such a decree is clearly a final one for it determines the rights of the parties so that nothing is left to be done but the execution of its provisions. Affirmance of such a decree by the appellate court would end the suit and execution of the provisions thereof by this court would be all that remained to be done. The reservation in the decree for further directions simply related to such execution and cannot be availed of as rendering it less final or as leaving open points expressly decided by it at the time it was entered.

"The term at which the decree was made and entered having expired prior to the filing of the motion for rehearing, the court now has no power or jurisdiction to grant the rehearing and the motion must be denied on that ground and it is hereby so ordered."

Thus it appears that the District Court, interpreting paragraph O of the decree, above set forth, held that it did not extend the term of court for the purpose of retaining jurisdiction to modify the decree of September 18, 1939, in respect to matters finally determined therein,

including the tax priorities asserted by the People of Puerto Rico. Somewhat similar phraseology in decrees in other cases has been similarly interpreted. Lewisburg Bank v. Sheffey, 140 U.S. 445, 11 S.Ct. 755, 35 L.Ed. 493; Mayer v. White, 8 Cir., 12 F.2d 710; American Engineering Co. v. Metropolitan By-Products Co., 2 Cir., 275 F. 40; Kiehn v. Dodge County, 8 Cir., 19 F.2d 503. We accept the District Court's interpretation of its own decree.

The People of Puerto Rico on May 1, 1940, filed a notice of appeal from the aforesaid order of January 31, 1940; but this was one day beyond the statutory time within which an appeal could have been taken, and we accordingly granted appellee's motion to docket and dismiss the appeal from this order.

In due course the special master (who was a different individual from the receiver) held the foreclosure sale. The properties were bid in by the Bank of Nova Scotia. That part of the tax claim held to enjoy priority over the mortgages was paid by the special master to the insular treasurer pursuant to the terms of the foreclosure decree. Appellant made no objection to the report of the special master nor to the entry of an order confirming the sale; and no appeal was taken from such order of confirmation. The special master executed and delivered to the Bank the deeds of conveyance of the various properties bought in. Possession of the properties was delivered by the receiver to the Bank pursuant to order of court, on the morning of January 16, 1940, so that the receiver's custody and administration of the properties came to an end at the close of business on January 15, 1940.

On February 29, 1940, the receiver filed his final report and accounting. The sole objection to the report was filed by appellant, in these terms: "That the Treasurer of Puerto Rico now objects to the approval of the final report of the Receiver and his discharge and cancellation of his bond on the ground that the priority claim of the People of Puerto Rico for taxes has not been paid by the said Receiver in the amount alleged to be due and owing in the petition for intervention and in the form and manner prescribed by law."

The District Court on April 3, 1940, entered the order now appealed from, approving the final report and accounting, discharging the receiver and cancelling his bond. In the order, the court recited that the receiver had paid all taxes assessed on the properties in his custody during the receivership; that there could be no obligation on the receiver to pay any part of the tax claims relating to taxes unpaid at the outset of the receivership; that the audit of the receiver's accounts showed that the receiver had diligently performed his duties and carried out all the orders of the court and that he had duly accounted for all the properties and moneys coming into his hands as receiver. "And in fact no one has contended otherwise."

From this review of the facts it is apparent that the relative priorities of the Bank and the insular government in the mortgaged properties were determined by the decree of September 18, 1939, and had become res judicata. These issues could not be raised again at the later stage in the receivership when the court was considering whether to approve the receiver's final report. Turner v. Farmers' Loan & Trust Co., 106 U.S. 552, 555, 556, 1 S.Ct. 519, 27 L.Ed. 273; Central Trust Co. v. Grant Locomotive Works, 135 U.S. 207, 10 S.Ct. 736, 34 L.Ed. 97; Hinckley v. Gilman, etc., R. R. Co., 94 U.S. 467, 469, 24 L.Ed. 166; Mayer v. White, 8 Cir., 12 F.2d 710. See also Reed v. Allen, 286 U.S. 191, 52 S.Ct. 532, 76 L.Ed. 1054, 81 A.L.R. 703. Under the decree of September 18, 1939, it was the special master, not the receiver, who was charged with the duty of distributing the proceeds of the foreclosure sale. The order confirming the report of the special master has not been appealed from. There being no further occasion for continuance of the receivership, and the receiver having fully accounted, he was entitled to his discharge and the cancellation of his bond. The order of the District Court, now appealed from, was properly entered.

The order of the District Court is affirmed, with costs to the appellee.