### In re McGOLDRICK et al.

### McGOLDRICK v. EQUITABLE LIFE ASSUR. SOC. OF THE UNITED STATES.

### No. 9581.

Circuit Court of Appeals, Ninth Circuit.

July 11, 1941.

Rehearing Denied Sept. 3, 1941.

Tyson Kinsell, of Portland, Or., and Ernest R. Ringo, of LaGrande, Or., for appellant.

Cochran & Eberhard, of LaGrande, Or., and Hamblen, Gilbert & Brooke, of Spokane, Wash., for appellee.

Before GARRECHT, HANEY, and STEPHENS, Circuit Judges.

STEPHENS, Circuit Judge.

On February 17, 1941, this court handed down its opinion in the above-entitled cause, affirming two orders of the United

States District Court for the District of Oregon in proceedings under Section 75 of the Bankruptcy Act, as amended, 11 U.S.C.A. § 203.

Thereafter, this court upon its own motion vacated its opinion hereinabove referred to and ordered the matter set down for further argument.

We have now fully considered the matter in conjunction with the arguments of counsel upon the rehearing, and find no cause for making essential changes in our first opinion, although for clarity we have extended the facts and have changed the text and have made certain additions to it.

Proceedings under Section 75 of the Bankruptcy Act, as amended, 11 U.S.C.A. § 203. During 1927 Henry McGoldrick and Lettie M. McGoldrick, his wife, became indebted to the assignor of the appellee herein in the sum of $25,000, and gave as security for the debt a first mortgage on certain farm lands owned by them in Oregon. They became in default and on February 7, 1935, appellee instituted action in the Oregon state courts to foreclose the mortgage. On September 24, 1935, Henry McGoldrick filed his petition under § 75 of the Bankruptcy Act, which was approved and referred to a Conciliation Commissioner. The following month, in October, 1935, while the matter was pending before the Conciliation Commissioner, appraisers were appointed and the real property covered by the mortgage was appraised at $29,780, and the appraisement was approved by the court.

At this point it should be noted that § 75 contains no provision for appraisal during the course of the conciliation proceedings covered by subsections a to r. The transcript of the record does not disclose whether this appraisal was asked by any creditor or by the debtor. See Borchard et al. v. California Bank et al., 310 U.S. 311, 60 S.Ct. 957, 84 L.Ed. 1222.

The debtor failed to effect the voluntary adjustment with his creditors, and on April 1, 1936, Henry McGoldrick and Lettie M. McGoldrick amended the petition and asked to be declared bankrupts under subsection s of the Act. In this amended petition they prayed in the language of the statute, that all of their property, wherever located, whether pledged, encumbered or unencumbered be appraised, that their unencumbered exemptions be set aside to them, and that they be allowed to retain possession, under the supervision and control of the court of the remainder of their property under the terms of the Act.

On April 22, 1936, another petition was filed by the debtors, in which they offered to pay a cash rental for the property in the sum of $1,750, or a share of the crops on the mortgaged land, at the option of the appellee. This petition likewise contained the prayer for an appraisal of their property, and that they be allowed to retain possession.

The record does not disclose any appraisal of the property involved other than that filed in October, 1935, prior to the filing of the amended petition under subsection s.

On August 31, 1936, the Conciliation Commissioner entered an order granting the debtors' petition to retain possession of their property and pay $1,750 per year or a share of the crops on the mortgaged land. In November, 1936, a further order was entered by the Conciliation Commissioner, which recited that on August 31, 1936, the Commissioner had ordered that all proceedings in all courts, particularly Oregon state courts, looking to foreclosure of the mortgage, be stayed for a period of three years.

The $1,750 yearly rental has been paid by the debtors in accordance with the order of the Conciliation Commissioner.

On March 13, 1939, before the termination of the three-year period designated in the stay order, Lettie M. McGoldrick petitioned for an order extending the stay one year. The grounds for said petition are not shown by the record before us. The Commissioner filed his order on April 20, 1939, granting the petition. The appellee sued out a review of these proceedings, and on August 26, 1939, the District Court reversed the order of the Commissioner, holding that Section 75 of the Bankruptcy Act does not permit of a stay of proceedings for longer than three years. The order of the District Court held that proceedings were stayed until November 13, 1939, three years from the date of the entry of the order of the Commissioner staying proceedings. No appeal was taken from this order of the District Court.

On November 20, 1939, after the expiration of the three-year period, the appellee filed its petition for the appointment of a trustee to sell the mortgaged property, at public auction, free from liens, alleging that the debtors had not been able to refinance,

and had not paid the appraised value of the property into court.

Lettie M. McGoldrick filed a "demurrer" to this petition raising the following questions:

(a) Pendency of the state foreclosure suit.

(b) Sufficiency of the facts of the petition to justify the relief sought.

(c) Jurisdiction of the court to make the order as to the debtor Henry McGoldrick, he having died during the pendency of the proceedings.

It should be noted that Mrs. McGoldrick did not raise the question as to the proposed method of sale, or as to the propriety of the proceedings in view of the fact that no appraisal of the property had been made after the petition under Section 75, sub. s.

The demurrer was overruled by the court on January 20, 1940, and the Conciliation Commissioner was appointed as trustee to make the sale of the property "at public auction free from liens", the proceeds to be applied first to costs of administration, and second to distribution in accordance with the Act.

On January 31, 1940, the court entered its order directing the manner and notice of the sale, and specifying that the sale should be made subject to a 90-day redemption period in the debtors by payment of the bid price plus 5%.

On March 11, 1940, Lettie M. McGoldrick filed a petition stating that she was unable to tender the appraised value, and asking for an extension of the moratorium for four more years, and praying that the sale order be vacated.

Again no question as to the manner of sale or as to the lack of a proper appraisal was raised by the debtor.

Appellee moved to dismiss the petition, alleging that the court had no power to grant a further moratorium. An order was entered by the court on April 8, 1940, denying the motion to dismiss and denying a further moratorium.

The sale was held on April 15, 1940, after various postponements, the appellee bidding in the property at the full amount of its lien. A return of sale was filed April 16th. Lettie M. McGoldrick objected to confirmation of the sale, setting up as grounds of objection:

(a) That the District Court was without jurisdiction to order the sale.

(b) That the order to show cause why the sale should not be confirmed was not served on Henry McGoldrick, since he was not living.

(c) That the court erred in overruling Mrs. McGoldrick's petition to set aside the order of sale and in denying the further moratorium.

(d) The pendency of the foreclosure proceedings in the state court.

The sale was confirmed by the District Court on May 7, 1940.

This appeal is from the two orders of the court last above referred to, that of April 8, 1940, denying the debtor's petition to set aside the sale order and for a further moratorium; and that of May 7, 1940, confirming the sale.

As to the April 8, 1940 order, the appellant's position as stated in her briefs is that the Act authorizes the courts "to extend the individual farmer's moratorium within reason", the theory being that the power to shorten carries with it the power to extend. The argument from that point is that the refusal of the court to grant the extension prayed for was an abuse of discretion.

As to the May 7, 1940, order, the following points are urged by the appellant in her brief:

1. That the court was without jurisdiction to appoint a trustee to sell the mortgaged premises. The argument here is that the court should have proceeded under the general bankruptcy provisions relating to the liquidation of assets. Appellant contends that the right of a secured creditor to procure an order for the sale of property subject to his lien at public auction is conditioned on the debtor's attempt to pay the appraised value of the property into court under the terms of the Act.

2. Pendency of the state foreclosure proceedings. It is here argued that the debtor invoked the jurisdiction of the federal court for purposes of the moratorium only, and that upon the expiration of the stay period the state court's jurisdiction again attached. She alleges prejudice in the procedure adopted in that it reduces her right of redemption from one year (the period under the state law) to ninety days. She also argues that the procedure prejudices the rights of general creditors and junior lienors.

3. Sale of property "free from liens". Appellant here argues that the Act makes

no provision for sales of real property free from liens under the procedure chosen by the appellee. She contends that "the controlling principle drawn from the court decisions, would seem to be that if there is no benefit to the general estate, it is not proper to sell free from liens", and "that it is improper to invoke the doctrine merely to accommodate a mortgagee or unless there was a reasonable probability of a surplus for unsecured creditors".

4. Procedural defects. Appellant raises several objections under this point,

(a) That it was error to appoint the Conciliation Commissioner as trustee

(b) That it was error for the court not to require and fix a bond for the trustee

(c) That notice of sale was not published properly.

Under this heading appellant also argues again that there was error in confirming the sale with the proviso cutting off the equity of redemption of junior lienors and to reduce the debtor's equity of redemption from one year to ninety days.

5. Constitutionality of the Act. Appellant's argument here is that the Congress did not intend in enacting Paragraph (3) of Section 75, sub. s, with its 90-day redemption provision to affect the state laws relating to redemption, and that it would be unconstitutional for the Congress to do so.

■ At the oral argument of the case before this court appellant for the first time raised the question of the appraisal of the property, contending that the proceedings leading up to the sale were improper. Reliance is had upon the recent case of Borchard et al. v. California Bank et al., supra, which holds that it is the duty of the court upon request of the debtor to have an appraisal of the property made, and that the three-year stay period may start to run only after such appraisal has been made. See Wright, Petitioner, v. The Union Central Life Insurance Company, 311 U.S. 273, 61 S.Ct. 196, 85 L.Ed. 184.

At the outset, we are faced with the question of whether or not the appellant may at this time raise the questions as to the proceedings leading up to the sale of the property which she is now urging.

■■ We turn first to the April 8 order. As we stated above, on March 11, 1940, Mrs. McGoldrick filed her petition asking for an extension of the moratorium for four more years, and praying that the sale order, made between five and six weeks before, be vacated. The court denied the petition in the order with which we are here concerned.

In considering this order we have before us only one question: Did the District Court abuse its discretion in refusing to set aside the sale order previously made and in refusing to extend the moratorium for four more years, on the showing made to it in support of Mrs. McGoldrick's petition? It should here be noted that Mrs. McGoldrick never objected to the fact that no appraisement was made after the petition under § 75, sub. s. Her pleadings, on the other hand, indicate that she accepted the appraisement which had previously been made and accepted by the court as the appraisal of the property. For instance, in her petition for the extension of the moratorium she alleges that she has been unable to pay the appraised value of the property into court.

In this circumstance, we cannot hold that there was error in the District Court's denial of Mrs. McGoldrick's petition.

■ Turning, then, to the May 7 order, we have carefully read the Borchard and Wright cases, supra, relied on by the appellant, and we feel that they fully support her view of the proceedings but not the remedy she contends for. The cited cases do not purport to nor do they change the general rules as to appeal, and we are of the opinion and hold that the debtor may not at this time raise these questions as to the proceedings leading up to the sale order.

As stated above, the order appealed from confirmed the sale made under the previous sale order of the court. No appeal was taken from the sale order.

In Turner v. Farmers' Loan & Trust Co., 106 U.S. 552, 1 S.Ct. 519, 523, 27 L.Ed. 273, the United States Supreme Court had under consideration an appeal from an order confirming sale in a suit for foreclosure. Upon appeal various questions of procedure were raised. In reply the court said, "We do not stop to consider whether these objections find any support in the record, since it is sufficient to say that, if any such errors exist, they necessarily inhere, some in the final decree of foreclosure and sale, and others in the orders which preceded it. They cannot be examined upon an appeal merely from the order confirming the report of sale."

Now, with the language of the Supreme Court in the Turner case, supra, in mind, let us examine the questions attempted to be raised by the appellant here.

The only objections of appellant to the confirmation which do not "inhere in" the order for sale are—

That the order to show cause why the sale should not be confirmed was not served on Henry McGoldrick, since he was not living.

That notice of sale was not published properly.

■ The first of these questions is not raised in appellant's appeal but was merely urged to the trial court in her objections to the confirmation, hence we do not consider it.

This leaves only the question of publication of the notice. The Order provided that "notice of said sale shall state the time, place and terms thereof, the description of the property to be sold, and shall be published in the Eastern Oregon Review, a weekly newspaper of general circulation in the county of Union, State of Oregon, once a week for four weeks, the first publication thereof to be at least thirty (30) days prior to the date of sale, and copies of said notice of sale shall be mailed at least ten (10) days prior to the date fixed for said sale by the trustee to all creditors of the bankrupt listed in said bankruptcy proceedings."

Attached to the return of sale is an affidavit of the publisher of the Eastern Oregon Review, that the printed notice of sale attached thereto was published February 23, March 1, March 8 and March 15, 1940. There is also an affidavit of one George H. Currey that he mailed a copy of the notice of sale to each creditor listed in the schedule at the addresses given.

Appellant does not clearly state just what her objection is to the notice given. Insofar as her arguments relate to the propriety of the prescribed notice under the Bankruptcy law, we do not consider them.

■ She does mention the fact that in addition to the notice prescribed by the order, the trustee posted notices. But the giving of more notice than is required by the order will not invalidate the proceedings.

■ She also complains of the fact that the publication in the newspaper was for only four insertions. She states that pub-

lication of once a week for four weeks would ordinarily under the state practice call for five insertions. We do not agree. See Watson v. City of Salem, 84 Or. 666, 164 P. 567, 1184, wherein the Oregon court said, "Again, if the statute required that a notice be published for not less than five successive weeks in a weekly newspaper, it would not be necessary for the notice to appear in six weekly issues. * * *."

It has been suggested that since this is a bankruptcy proceeding, the Turner case, supra, does not apply, on the theory that an erroneous order made during the progress of a bankruptcy proceeding, although not appealed from, may subsequently be set aside and vacated unless rights have become vested in reliance upon it which will be disturbed by its vacation. Wharton v. Farmers & Merchants Bank, 8 Cir., 1941, 119 F.2d 487 and cases there cited.

■ It is true that upon a proper petition a court of bankruptcy has the power to set aside a previously made erroneous order even though not appealed from, but this is not to say that an appellate court upon an appeal from an order confirming sale may inquire into all proceedings leading up to the order for sale. The matters now urged to this court in reliance on the Borchard and Wright cases, supra, were never called to the attention of the trial court, and they cannot be raised for the first time on appeal.

■ We do not consider it a question going to the jurisdiction of the court. In this connection we approve the language in the court in Re Ostlind Mfg. Co., D.C., 19 F.Supp. 836, 838, 839, as follows:

"The fundamental purpose of the acts relating to bankruptcies is to conserve the properties for the benefit of debtor and creditors alike or to reduce the assets to cash for distribution among the creditors. All the specific directions of these laws, although mandatory in form, are subservient to these major purposes.

"The courts have authority to deal comprehensively with the real and personal property of the bankrupt, so long as such purposes are carried out. * * *

"But it may be objected that since the provisions of the statute are mandatory, violation thereof removes the foundation for the orders. But jurisdiction once established is not so avoided. * * *

752

"Where a court has jurisdiction, it is not obliged to render correct decisions. It has the authority to hear and determine. If within the scope of power and founded in jurisdiction, the decision, whether right or wrong, is a judicial act and a finality."

See, also, the Wright case, supra, relied on by the appellant. There the Supreme Court pointed out that the record before that court did not show whether or not the appraisal had been made under Section 75, sub. s. In spite of that fact, the order of sale made by the District Court was affirmed except as modified, which indicates that the appraisal is not necessary to the jurisdiction of the District Court to order a sale.

This opinion is not to be construed as in any manner expressing our views as to the jurisdiction of the District Court to entertain plea for relief by direct petition of the bankrupt.

Affirmed.